IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL FOREM** | § | CIVIL ACTION NO. _____ |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **KABOOMRACKS INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF MICHAEL FOREM'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Michael Forem ("Plaintiff") files this Original Complaint against Defendant Kaboomracks Inc. ("Defendant" or "Kaboomracks"), and respectfully shows this Court as follows:

### I.
### PARTIES

1. Plaintiff is an individual residing in the State of New Jersey.

2. Upon information and belief, Defendant is a Corporation organized in, and existing under the laws of, the State of Texas, with its principal place of business being in Phoenix, Arizona. It can be served by way of its Registered Agent, **Registered Agents, Inc.**, located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties. Further, Plaintiff seeks monetary relief in an amount that exceeds $75,000.00, exclusive of costs, attorneys' fees, and interest.

4. This Court possesses general personal jurisdiction over Defendant because it is a corporation formed and existing under the laws of the State of Texas, and is therefore "at home" in the State of Texas.

5. Venue is Proper in this Court because Defendant's Registered Agent is located in Travis County, and because, upon information and belief, Defendant would have filed its Certificate of Formation in Austin, located in this District. *See Eroad Ltd. v. Perdiemco LLC*, 6:19-CV-00026-ADA, 2019 U.S. Dist. LEXIS 233383, *19 (W.D.Tex. Sep. 19, 2019).

## III.
## INTRODUCTION AND FACTUAL HISTORY

6. Plaintiff is in the cryptocurrency mining business, which involves the use of computer equipment specifically designed for cryptocurrency mining.

7. Defendant held itself out to Plaintiff, and holds itself out to the general public, as being competent and proficient at repairing cryptocurrency mining equipment that is in varying states of disrepair.

8. In or about September 2022, Plaintiff and Defendant entered into an agreement whereby Defendant agreed to repair sixty-five (65) pieces of cryptocurrency mining equipment for a sum of money.

9. Defendant, however, refused to repair forty (40) of those pieces of equipment, instead returning them in the original state in which they were presented by Plaintiff. Defendant

advised Plaintiff that it had repaired the remaining twenty-five (25) of the pieces of equipment. However, Defendant retained, and continues to retain, possession of that equipment (retained equipment referred to herein as "the Retained Equipment").

10. In light of Defendant's refusal to repair forty of the items, Plaintiff and Defendant agreed to a reduced sum of $3,600.00, as a total payment amount for the repair of the cryptocurrency mining equipment that Defendant claims that it actually did repair.

11. Plaintiff has repeatedly demanded to have the Retained Equipment returned, and has advised Defendant that he will pay the agreed-upon sum of $3,600.00 simultaneously with the return of the Retained Equipment. However, Defendant has repeatedly and unreasonably refused to make the allegedly repaired Retained Equipment available for retrieval.

12. Defendant possesses no interest in the Equipment such that it would be permitted to retain possession of it. Likewise, Plaintiff has repeatedly made it known to Defendant that he wishes to have the Retained Equipment returned. Instead, Defendant is keeping possession of the Retained Equipment unlawfully, knowingly, and in a manner that dispossesses Plaintiff of his rightfully owned property.

13. Defendant's wrongful possession of the Retained Equipment prevents Plaintiff from using or otherwise enjoying any financial benefit of its use.

14. Defendant's wrongful possession of the Retained Equipment not only deprives Plaintiff of possession of it, but has also caused Plaintiff to sustain significant financial losses as a result of his inability to use the Retained Equipment for the underlying purpose of Plaintiff's cryptocurrency mining business. Thus, Defendant's continued possession of the Retained Equipment causes financial harm, and the accumulation of damages, on a daily and continual basis.

15. The Retained Equipment has a value in excess of $80,000.00.

## CAUSES OF ACTION

### IV.
### TRESPASS TO CHATTELS

16. Plaintiff repeats and realleges all previously alleged paragraphs herein.

17. By retaining the Retained Equipment without permission, and despite Plaintiff's multiple demands that it be returned, Defendant has wrongfully exercised dominion and control over Plaintiff's property. Defendant's possession of the Retained Equipment has been to the complete exclusion of Plaintiff. This period of wrongful retention of the Retained Equipment has been for a substantial period of time insofar as Plaintiff has been deprived of the property from September 2022, or earlier, until the present.

18. Defendant's retention of the Retained Equipment has deprived Plaintiff of the gainful use of the Retained Equipment, including the use of it in furtherance of Defendant's business in the field of cryptocurrency mining.

19. Defendant's retention of the Retained Equipment has therefore caused, and continues on a daily basis to cause, damage to Plaintiff.

20. Plaintiff is therefore entitled to an Order commanding Defendant to promptly return the Retained Equipment to Plaintiff, and all damages sustained as a result of Defendants' continued and adverse retention of the Retained Equipment.

### V.
### CONVERSION

21. Plaintiff repeats and realleges all previously alleged paragraphs herein.

22. As set forth above, Plaintiff is the sole owner of the Retained Equipment. It tendered that equipment, along with other cryptocurrency mining equipment, to Defendant for the

4

sole purpose of repair, without providing Defendant any license to retain or keep any of the equipment.

23. Despite multiple requests that the Retained Equipment be returned, Defendant has ignored and rejected such requests, instead retaining dominion and control over the Retained Equipment.

24. Defendant's wrongful retention of the Retained Equipment has effectively amounted to the theft and unlawful taking of property that belongs to Plaintiff, and in which Defendant has no rights or interests that permit it to retain possession of same.

25. Defendant's retention of the Retained Equipment has therefore amounted to willful theft of property whose combined value exceeds $80,000.00. Likewise, the retention of the Retained Equipment has damaged Plaintiff by preventing him from gainfully using the Retained Equipment in his cryptocurrency mining business.

## VI.
## BREACH OF CONTRACT

26. Plaintiff repeats and realleges all previously alleged paragraphs herein.

27. Plaintiff and Defendant entered into a lawful agreement whereby Defendant agreed to repair the Retained Equipment in exchange for payment of a sum of money. It was a tacit component of this agreement that Defendant would return the Retained Equipment to Plaintiff once those pieces of equipment were repaired. By wrongfully withholding the Retained Equipment, Defendant has materially breached its agreement with Plaintiff. This material breach has caused damages that would be reasonably anticipated by Defendant's breach, including Plaintiff losing the value of his cryptocurrency mining equipment, and losing the potential for lost revenue and profits to his business by virtue of Defendant's refusal to return the equipment.

## VII.
## CONDITIONS PRECEDENT

28.     All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be summoned to appear and answer, and that upon final trial, Plaintiff have (1) judgment against Defendant commanding that Defendant return the above-described Equipment to Plaintiff; ordering the payment of a sum of money equal to the value of the converted Equipment; ordering the payment of a sum of money equal to Plaintiff's lost financial opportunity resulting from Defendant's wrongful tortious acts; and ordering the payment of a sum of money for Defendant's material breach of its agreement with Plaintiff; (2) exemplary or punitive damages owing to Defendant's willful, wrongful actions, in an amount sufficient to punish Defendant and deter it and others like it from engaging in similarly tortious conduct in the future; (3) pre-judgment and post-judgment interest as provided by law; (4) costs of court; (5) attorney's fees and allowable expenses; and (6) such other and further relief to which Plaintiff may show himself justly entitled at law and in equity.

        Respectfully submitted,

        **WILSON, ELSER, MOSKOWITZ,**
        **EDELMAN & DICKER LLP**

By:     /s/ Andrew S. Holland
        Andrew S. Holland
        Texas State Bar No. 24134330
        andrew.holland@wilsonelser.com
        909 Fannin St., Suite 3300
        Houston, Texas 77010
        Ph. (713) 353-2000
        Fx. (713) 785-7780

        **ATTORNEYS FOR PLAINTIFF MICHAEL FOREM**